UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CARLTON STROUD,** | § | |
| **TDCJ No. 00894566,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil No. SA-21-CA-0120-FB** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* petitioner Carlton Stroud's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and supplemental memorandum in support (ECF No. 1), respondent Bobby Lumpkin's Answer (ECF No. 7), and petitioner's Reply (ECF No. 10) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In August 1999, petitioner was convicted of possession of a controlled substance between one and four grams and was sentenced to thirty-five years of imprisonment. *State v. Stroud*, No. 97-CR-3770 (290th Dist. Ct., Bexar Cnty., Tex. Aug. 23, 1999); (ECF No. 9-27 at 49-50). Petitioner was incarcerated for this offense until October 13, 2014, when he was released from TDCJ custody to parole supervision. (ECF No. 9-27 at 23-25). Upon his release, Petitioner was notified of the general conditions of his parole and was instructed not to commit any offenses that may violate state

or federal law. *Id*. Nevertheless, petitioner was arrested and subsequently convicted in June 2019 of possession of a controlled substance with intent to deliver and was placed on deferred adjudication community supervision for a period of six years. *State v. Stroud*, No. 2018-CR-4160 (186th Dist. Ct., Bexar Cnty., Tex. June 24, 2019); (ECF No. 1 at 18-22).   (*Id*. at 80-92).   As a result, the Board of Pardons and Paroles (BPP) voted to revoke his parole on August 12, 2019, and petitioner was returned to TDCJ custody.  (ECF No. 9-27 at 24-25).  Petitioner later moved to reopen his parole hearing but the BPP again voted to continue the revocation on February 20, 2020.  (ECF No. 1 at 23-24).

Petitioner challenged the revocation of his parole by filing a state habeas corpus application which was eventually denied by the Texas Court of Criminal Appeals without written order on February 19, 2020. *Ex parte Stroud*, No. 42,327-21 (Tex. Crim. App.) (ECF Nos. 9-26, 9-27 at 4-19).  Petitioner then placed the instant federal habeas petition in the prison mail system on January 11, 2021.  (ECF No. 1 at 12).  In the § 2254 petition, petitioner argues his parole was unconstitutionally revoked because it was based on the new charge for which he received a deferred adjudication sentence.  In his answer, respondent relies, in part, on the state court's adjudication of this allegation and argues federal habeas relief is precluded under the AEDPA's deferential standard.

## II. <u>Standard of Review</u>

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254.  Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of

the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Merits Analysis

Petitioner contends that the revocation of his parole violated his due process rights because it was based on the June 2019 deferred-adjudication conviction.  Indeed, a parolee is constitutionally entitled to certain due process protections before a State may revoke his parole.  *Morrissey v. Brewer*, 408 U.S. 471, 487-488 (1972).  But a parole revocation hearing is not a criminal prosecution, and "the full panoply of rights due a defendant in such a proceeding does not apply[.]"  *Id*. at 480.  Nevertheless, the Due Process Clause requires certain "minimal safeguards" to protect the limited liberty interest at stake in a parole revocation hearing.  Those safeguards include the right to: (1) written notice of the alleged parole violations; (2) disclosure of the evidence against him; (3) an opportunity to be heard in person and present witnesses and documentary evidence; (4) cross-examine and confront witnesses unless there is good cause to disallow confrontation; (5) a neutral decision maker; and (6) a written statement as to the evidence relied upon and the reasons for revoking parole.  *Id*. at 480, 489;  *see also Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973).

Petitioner does not allege that he was denied any of these rights during his parole revocation proceedings.  Instead, he argues that the revocation was unconstitutional because it was based on a new charge (cause number 2018-CR-4160) that had yet to be adjudicated.  According to petitioner, the new charge does not become adjudicated until his deferred-adjudication probation has been revoked.  However, judicial review of a decision to revoke parole "is quite circumscribed."  *Villarreal v. U.S. Parole Comm'n*, 985 F.2d 835, 839 (5th Cir. 1993).  Due process only requires that there be "some evidence" in the record to support the decision to revoke parole.  *Id*.

Here, the BPP revoked petitioner's parole based on his violating Parole Rule 2, "I shall commit no offense against the laws of this state or of any other state or of the United States."  (ECF

No. 9-27 at 23-24).  Petitioner was found to have violated this rule when he was arrested for, and subsequently convicted of, possession of a controlled substance with intent to deliver in cause number 2018-CR-4160.  *Id.*  While petitioner did receive a six-year deferred adjudication sentence, Parole Rule 2 makes no distinction between cases that had been "adjudicated" and cases where the adjudication was deferred.  Indeed, parole authorities may even consider criminal charges that were dismissed.  *Else v. Johnson*, 104 F.3d 82, 83 (5th Cir. 1997) (per curiam) (finding no due process violation when State considered dismissed criminal charge during parole revocation hearing).  Thus, petitioner has not established that his parole revocation violated his due process rights, as the revocation was based on the fact that he was arrested and ultimately convicted of committing an offense against the laws of this State.

Petitioner raised this exact allegation in state court during his state habeas corpus proceedings.  Relying on *Morrissey*, the state habeas corpus court concluded that there was no evidence before it to indicate that due process was not offered to petitioner during his parole revocation proceeding.  The record before this Court confirms this conclusion.  Federal habeas relief is therefore unavailable because petitioner has not shown that the state court's merits adjudication was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent or based upon an unreasonable determination of the facts in light of the evidence presented to the state court.[1]  *Richter*, 562 U.S. at 101.

---

[1]      Even if the AEDPA's deferential standard did not apply as petitioner suggests, the Court finds that relief would still be denied on the merits of the claim under a *de novo* standard of review.

#### IV.  **Certificate of Appealability**

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief.  As such, a COA will not issue.

#### V.  **Conclusion and Order**

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during petitioner's state trial and habeas corpus proceedings.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and petitioner Carlton Stroud's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2.      No Certificate of Appealability shall issue in this case; and

3.      All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 30th day of August, 2021.

FRED BIERY
UNITED STATES DISTRICT JUDGE